UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE JUSTICE,

    Plaintiff,                    Civil Action No. 05-74882-DT

v.                              HONORABLE ARTHUR J. TARNOW
                                  UNITED STATES DISTRICT COURT

SHERIFF PICKELL,

    Defendant,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.   Introduction

Before the Court is Plaintiff Bruce Justice's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the Genesee County Jail in Flint, Michigan. For the reasons stated below, the complaint is **DISMISSED WITHOUT PREJUDICE.**

### II.   Standard of Review

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

*Justice v. Pickell,* 05-CV-74882-DT

A *pro se* litigant's complaint is to be construed liberally. *Middleton v. McGinnis*, 860 F. Supp. 391, 392 (E.D. Mich. 1994). Such complaints, however, must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief. Fed.R.Civ.P. 12(b); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III.  Complaint

Plaintiff alleges that the Defendant forfeited an unspecified amount of his good time credits that he earned in the Genesee County Jail's trusty program. Plaintiff claims that the forfeiture of his good time credits was done in violation of the Due Process Clause of the U.S. Constitution. Plaintiff seeks monetary damages and release from incarceration.

### IV.  Discussion

Plaintiff initially requests his immediate discharge from incarceration. In the

*Justice v. Pickell,* 05-CV-74882-DT

present case, the relief that plaintiff seeks can be obtained only through a petition for writ of habeas corpus and not in a civil rights action. In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), state prisoners who were deprived of their good time credits filed actions under 42 U.S.C. § 1983 seeking injunctive relief to compel restoration of their credits. The U.S. Supreme Court held that where a state prisoner is challenging the very fact or duration of his or her physical imprisonment and the relief that he or she seeks is a determination that he or she is entitled to immediate release or a speedier release from that imprisonment, the sole federal remedy is a petition for writ of habeas corpus. *Preiser,* 411 U.S. at 500. To the extent that plaintiff is challenging the forfeiture of his good time credits, which would shorten his term of imprisonment, his remedy would be through a writ of habeas corpus. *See Bullock v. McGinnis,* 5 Fed. Appx. 340, 342 (6th Cir. 2001); *See also Foster-Bey v. Duncan*, 142 F. 3d 433, 1998 WL 124002, * 2 (6th Cir. March 13, 1998); *Crowell v. Walsh,* 151 F. 3d 1050, 1051 (D.C. Cir. 1998).

Plaintiff's action to have his good time credits restored should have been filed as a petition for a writ of habeas corpus and not a civil rights suit under § 1983. This Court will not, however, convert the matter to a petition for a writ of habeas corpus. When a suit that should have been brought under the habeas corpus statute is prosecuted instead as a civil rights suit, it should not be "converted" into a habeas corpus suit and decided on the merits. *Pischke v.*

*Justice v. Pickell,* 05-CV-74882-DT

*Litscher*, 178 F. 3d 497, 500 (7th Cir. 1999)(internal citations omitted). Instead, the matter should be dismissed, leaving it to the prisoner to decide whether to refile it as a petition for writ of habeas corpus. *Id.* When a civil rights complaint is defective and appears to assert claims for which the exclusive remedy is habeas corpus, a district court should state that the claims must be addressed in a habeas petition and should dismiss the civil rights claims without prejudice. *See Trimble v. City of Santa Rosa*, 49 F. 3d 583, 586 (9th Cir. 1995).

Plaintiff's lawsuit to recover monetary damages for the alleged wrongful forfeiture of his good time credits is premature. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

The *Heck* doctrine has been extended to prisoner civil rights suits which seek monetary damages involving challenges to the procedures used to deprive a prisoner of his or her good time credits. In *Edwards v. Balisok*, 520 U.S. 641, 646-648 (1997), the Supreme Court held that a state prisoner's claims for damages for due process violations based upon the procedures used in a disciplinary hearing that resulted in the deprivation of disciplinary credits was not cognizable under §

*Justice v. Pickell,* 05-CV-74882-DT

1983 because the principal primary defect complained of by the prisoner would, if established, necessarily imply the invalidity of that deprivation.  An inmate alleging due process violations by state corrections officials via the disciplinary revocation of sentence credits has no cause of action under § 1983 until the credits are restored. *See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 802 (W.D. Tenn. 1999). Because plaintiff has not yet obtained the restoration of his good time credits, any lawsuit for damages would be premature.

When a prisoner's civil rights claim is barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his conviction or sentence is latter invalidated. *See Murphy v. Martin,* 343 F. Supp. 2d 603, 609 (E.D. Mich. 2004).  Because the Court is dismissing plaintiff's § 1983 complaint under *Heck,* the dismissal will be without prejudice. *Diehl v. Nelson*, 198 F. 3d 244, 1999 WL 1045076 (6th Cir. November 12, 1999)(citing to *Fottler v. United States*, 73 F. 3d 1064, 1065 (10th Cir. 1996)).

5

*Justice v. Pickell,* 05-CV-74882-DT

## V.  CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff''s Complaint is **DISMISSED WITHOUT PREJUDICE.**


s/Arthur J. Tarnow
**Arthur J. Tarnow**
**United States District Judge**

Dated:  January 27, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 27, 2006, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary